IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| VINCENT O'NEAL HARRELL, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br> Respondent. ) | 4:16-cv-8079-LSC <br> (4:11-cr-22-LSC) |

**MEMORANDUM OF OPINION**

Vincent O'Neal Harrell ("Harrell") has filed with the Clerk of this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government has responded in opposition to the motion. (Doc. 4.) For the following reasons, the motion is due to be denied.

**I.     Background**

On August 29, 2011, Harrell pled guilty to conspiracy to possess with the intent to distribute cocaine and crack cocaine (count one), a violation of 21 U.S.C. §§ 846, 841(a)(1), along with a substantive distribution charge (count two), a violation of 21 U.S.C. § 841(a)(1). This Court sentenced Harrell to serve 262 months of imprisonment on each count, concurrently. Judgment was entered on

May 25, 2012. Harrell did not appeal. Now, more than four years later, Harrell has filed this § 2255 motion seeking relief from his sentence on the basis of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1]

## II. Discussion

*Johnson* held that the residual-clause portion of 18 U.S.C. § 924(e)(2)(B)(ii)—defining "violent felony" within the Armed Career Criminal Act ("ACCA")—is unconstitutionally vague. *Id.* at 2557. Harrell was convicted of drug offenses and not unlawful possession of a firearm or any other offense under U.S.C. § 922(g), the only crime to which the ACCA applies. *See United States v. McGatha*, 891 F.2d 1520, 1526 (11th Cir. 1990) ("The mandatory sentencing provisions of § 924(e) [are] applicable only after the defendant has been convicted of one of the predicate offenses described in § 922(g) . . . ."). Thus, *Johnson* has no direct application here.

However, Harrell asks this Court to apply *Johnson* to the Sentencing Guidelines that were in effect at the time of his sentencing and, more specifically, to this Court's determination that he is a career offender under U.S.S.G. § 4B1.1.

---

[1] Harrell thus attempts to take advantage of 28 U.S.C. § 2255(f)(3), which allows a criminal defendant to file a habeas petition within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court has held that *Johnson* applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). *Johnson* was decided on June 26, 2015, and Harrell placed his habeas petition in the mail to be filed with this Court on June 20, 2016.

Under the Guidelines, a defendant is a career offender if he: (1) "was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). At the time of Harrell's sentencing, the Guidelines defined "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 4B1.2(a) (emphasis added). The emphasized clause in this definition is known as the residual clause. U.S.S.G. § 4B1.2(a)(2). Because the Court in *Johnson* held that the identically-worded residual clause in the ACCA was unconstitutionally vague, Harrell contends that the Guidelines' residual clause within the definition of "crime of violence" is also void for vagueness. Thus, he argues that, post-*Johnson*, his prior Alabama conviction for manslaughter no longer constitutes a "crime of violence" and thus cannot be used to classify him as a career offender.

3

Harrell's claim fails for several reasons. First, the Supreme Court has recently squarely rejected his argument that *Johnson*'s holding applies to the Sentencing Guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 890 (2017) (holding that the advisory Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause).

Even assuming the residual clause of the definition of "crime of violence" in the Guidelines was void for vagueness, and even further assuming that Harrell's conviction for manslaughter would no longer qualify as a crime of violence, those conclusions would not impact Harrell's particular sentence. This is because, in addition to his manslaughter conviction, this Court deemed Harrell a career offender on the basis of three prior controlled-substance-offense convictions in Alabama—two for trafficking in cocaine, and one for first-degree possession of marijuana for other than personal use. (Doc. 20 at 9-12, *United States v. Harrell*, 4:11-cr-22-LSC.) Harrell makes no argument that his prior drug offenses no longer qualify and, for several reasons, any attempt to do so would fail.

As an initial matter, any claim that Harrell's prior drug offenses no longer qualify would be time barred. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section.").[2] Because Harrell did not

---

[2] In evaluating the timeliness question, this Court must consider each claim individually. *See Zack v. Tucker*, 704 F.3d 917, 918 (11th Cir. 2013) (en banc) (holding that, under § 2244(d)(1)

appeal from the judgment against him, his conviction became final on June 8, 2012, or 14 days after the judgment was entered. Thus, he had until June 8, 2013, to file a motion under § 2255. The fact that *Johnson* was decided in 2015 cannot help Harrell because *Johnson* has no impact on the definition of a controlled substance offense, and Harrell's two convictions for trafficking in cocaine and one for first-degree possession of marijuana for other than personal use were qualifying convictions leading to his career-offender status because they are controlled substance offenses under U.S.S.G. § 4B1.1(a), not because they were deemed crimes of violence.

Additionally, even assuming Harrell's motion was timely, a claim that Harrell's prior drug offenses do not qualify is without merit. A controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Eleventh Circuit precedent states that Harrell's drug convictions qualify. *See United States v. White*, 837 F.3d 1225, 1229-31 (11th Cir. 2016) (holding that convictions for Alabama possession of marijuana for other

---

– the one-year limitations period applicable to state-court convictions – "the federal statute of limitations requires a claim-by-claim approach to determine timeliness").

than personal use and trafficking in cocaine are serious drug offenses under 18 U.S.C. § 924(e)(2)(A)(ii)).

### III. Conclusion

For the reasons stated above, the § 2255 motion is due to be denied. Additionally, the Court declines to issue a certificate of appealability. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Harrell's claim does not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Harrell's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON MAY 11, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704